UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WEST COAST 2014-7, LLC,

                      Plaintiff,

      -against-                           1:15-CV-1142 (LEK/DJS)

JUSTIN LIEBERMAN, *et al.*,

                  Defendants.[1]

---

**DECISION AND ORDER**

## I.    INTRODUCTION

On September 22, 2015, Plaintiff commenced this mortgage foreclosure action to foreclose a lien on real property at 133 Dunbar Road, Claverack, New York, in Columbia County. Dkt. No. 1 ("Complaint"). Plaintiff filed a Notice of Pendency of Action with the Columbia County Clerk on October 15, 2015. Dkt. No. 11. Defendant Justin Lieberman is the owner of the mortgaged property. Id. at 1; Dkt. No. 1-2 ("Mortgage") at 2.[2] Since the parties to this suit are citizens of different states, Compl. ¶¶ 2–4, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Defendant has not answered the Complaint or otherwise appeared. On April 12, 2017, Plaintiff obtained a Clerk's Entry of Default. Dkt. No. 16. Presently before the Court is Plaintiff's

---

[1]  Though the Complaint names "John Doe '1' through '12'" as defendants in this action, Plaintiff has voluntarily discontinued its claims against them. Dkt. No. 17-7 ("Memorandum") ¶ 9. Therefore, "John Doe '1' through '12'" are dismissed from this action. However, no amendment to the caption is necessary. One West Bank, FSB v. Davi, No. 13-CV-1055, 2014 WL 4897311, at *4 (N.D.N.Y. Sept. 30, 2014).

[2]  The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

motion for the following relief: (1) default judgment pursuant to Rule 55 of the Federal Rules of

Civil Procedure against Defendant; (2) an order appointing a referee for the sale of the property;

and (3) a judgment of foreclosure and sale. Dkt. Nos. 17 ("Motion"); 17-7 ("Memorandum").

Defendant did not file any opposition to the Motion. For the following reasons, Plaintiff's

Motion is granted.

## II.    BACKGROUND

On May 21, 2007, Defendant executed and delivered a promissory note ("Note") to First

Franklin Financial Corp., evidencing a loan in the amount of $279,000.00 and providing for the

monthly payment of principal and interest beginning on July 1, 2007. Compl. ¶ 18; Dkt. No. 1-3

("Note") at 3. On the same day, Defendant also executed and delivered the Mortgage to

Mortgage Electronic Registration Systems, Inc., as the nominee for First Franklin Financial

Corp., securing payment on the Note. Compl. ¶ 14; Mortgage at 1. The Mortgage was duly

recorded on May 21, 2007, in the Columbia County Clerk's Office—Book 609, Page 2376—and

the requisite mortgage recording tax and all other fees were paid. Mortgage at 1–2.

On January 22, 2015, after a series of assignments, the Mortgage was assigned to

Plaintiff. Compl. ¶ 22; Dkt. No. 1-4 ("Assignments") at 16.[3] This final assignment was duly

recorded in the Columbia County Clerk's Office on April 21, 2015. Compl. ¶ 22; Assignments

at 16. Pursuant to the Note and Mortgage, Plaintiff has the right to accelerate the entire principal

amount outstanding and accrued interest if any installment is not made when due. Compl. ¶ 30.

Defendant defaulted under the terms of the Note and Mortgage by failing to tender payment that

---

[3] The cited page numbers for this document refer to those generated by ECF.

became due on July 1, 2010, and further failing to pay all sums due thereafter. Compl. ¶ 28; Dkt. No. 17-3 ("Ohno Affidavit") ¶ 7.

On February 18, 2015, pursuant to the terms of the Mortgage, Plaintiff sent Defendant a notice of default. Compl. ¶ 31; Dkt. No. 1-5 ("Notice"). Defendant did not respond. At the time of the commencement of this action, the unpaid principal sum underlying the Note and Mortgage totaled $273,777.60. Ohno Affidavit ¶ 5. As of April 30, 2017, the amount due and owing pursuant to the Note and Mortgage was $473,943.12, including unpaid principal balance, interest, and accumulated late charges. Id. ¶ 9.

## III.    LEGAL STANDARD

### A.  Default Judgment

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" Id. (alteration in original) (quoting Robertson, 2008 WL 2519894, at *3). Second, under Rule 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id. (quoting Robertson, 2008 WL 2519894, at *3).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability. . . ." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound

Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). Nevertheless, "judgment against a defaulting party should be granted only after careful examination of the moving party's claim by the district court . . . . Indeed, a defendant's default does not in itself warrant a court in entering a default judgment because there must be a sufficient basis in the pleadings for the judgment entered." Amador v. Galbreath, No. 10-CV-6702, 2013 WL 1755784, at *2 (W.D.N.Y. Apr. 24, 2013) (alteration in original) (quoting Bianco v. Seaway Indus. Servs., Inc., No. 03-CV-84, 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004)). "The Court . . . must review the allegations in the complaint to determine if the elements of each claim have been adequately plead." Colon v. City of New York, No. 09-CV-8, 2012 WL 691544, at *4 (E.D.N.Y. Feb. 9, 2012), adopted by 2012 WL 686878 (E.D.N.Y. Mar. 2, 2012). "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189.

Under Rule 55, damages in a default judgment may be determined by the court through a hearing. Fed. R. Civ. P. 55(b)(2); see also Greyhound, 973 F.2d at 158 ("Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount."). However, a hearing is not necessary when the court relies "upon detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record," to calculate a damage award. Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." United States v. Hill, No. 12-CV-1413, 2013 WL 474535, at *1 (N.D.N.Y. Feb. 7, 2013) (alteration in original) (quoting Overcash v. United Abstract Grp., Inc.,

549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008)); see also Braccia v. D'Blass Corp., No. 08-CV-8927,

2011 WL 2848146, at *3 (S.D.N.Y. Jun. 13, 2011) ("When assessing damages, a court cannot

rely on the plaintiff's statement of damages; rather damages must be established 'with reasonable

certainty.'" (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d

105, 111 (2d Cir. 1997))), adopted by 2011 WL 2848202 (S.D.N.Y. Jul. 18, 2011). Such

assessment "must be based on admissible evidence." Braccia, 2011 WL 2848146, at *3 (citing

Smith v. Islamic Emirate of Afghanistan, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003)).

### B.  Mortgage Foreclosure

"Under New York law, a plaintiff is entitled to foreclosure as a matter of law through the

production of the mortgage, the unpaid note, and evidence of default." OneWest Bank, N.A. v.

Cole, No. 14-CV-3078, 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015). "[W]here the

mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage

holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative

showing from the defendant." One West Bank, FSB v. Davi, No. 13-CV-1055, 2014

WL 4897311, at *2 (N.D.N.Y. Sept. 30, 2014) (quoting United States v. Freidus, 769 F.

Supp. 1266, 1277 (S.D.N.Y. 1991)).

## IV.    DISCUSSION

### A.  Liability

Plaintiff has fulfilled the procedural prerequisites for default judgment. It has properly

served Defendant, to which no response has been made, Dkt. No. 17-1 ("Schaefer Declaration")

¶ 8; it has obtained an entry of default, Dkt. No. 16; and it has provided an affidavit setting forth

the facts required by Local Rule 55.2(a), including an affidavit of non-military service and

evidence that Defendant is neither an infant nor incompetent, Schaefer Declaration ¶ 11.[4]
Therefore, Plaintiff is entitled to a default judgment.

### B.  Damages

The Court has reviewed the affidavits and documentary evidence that Plaintiff submitted
in support of its damages request. See Transatlantic Marine Claims Agency, 109 F.3d at 111
(permitting district courts to rely upon affidavits and documents in calculating damages upon
default). The Court has determined that Plaintiff is entitled to its requested damages in the
amount of $473,943.12, which includes accrued interest through April 30, 2017.[5]

### C.  Proposed Judgment of Foreclosure and Sale

Plaintiff has submitted copies of the Note and Mortgage executed by Defendant, as well
as an affidavit from Glenn Ohno with knowledge of Defendant's failure to make the loan
payments that the Note requires. Ohno Affidavit ¶ 7. Accordingly, the Court finds that Plaintiff
has established its *prima facie* case. Defendant has failed to appear in this action and has offered
no affirmative showing to rebut the *prima facie* case. Therefore, a Judgment of Foreclosure and
Sale will be entered in a form substantially similar to the Proposed Judgment of Foreclosure and
Sale submitted by Plaintiff. Dkt. No. 17-6 ("Proposed Judgment"). David L. Gruenberg, whose

---

[4]  Plaintiff's many attempts to serve Defendant personally failed. See Dkt. Nos. 7
("January 2016 Status Report"), 10 ("March 2016 Status Report"). On November 15, 2016,
U.S. Magistrate Judge Daniel J. Stewart granted Plaintiff's request to perform alternative service
and to extend the time to serve. Dkt. No. 12 ("Order"). In its request for entry of default, Plaintiff
provided affidavits of publication, demonstrating its compliance with the Order and N.Y.
C.P.L.R. § 308(5). Dkt. No. 15, Exs. A–C.

[5]  Although Plaintiff filed its Complaint on September 22, 2015, interest that accrues after
the filing of the Complaint may be recovered in a default judgment. CIT Bank, N.A. v. Dambra,
No. 14-CV-3951, 2015 WL 7422348, at *7–8 (E.D.N.Y. Sept. 25, 2015), adopted by 2015
WL 7430006 (Nov. 20, 2015).

business address is 54 2nd Street, Troy, New York, 12180, will be appointed as a referee to effectuate the sale of the encumbered property.

## V.    CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion for entry of a default judgment (Dkt. No. 17) is **GRANTED**. The Court will execute the Proposed Judgment of Foreclosure and Sale forthwith and appoints David L. Gruenberg of Troy, New York, to serve as referee; and it is further

**ORDERED**, that the Clerk of the Court **TERMINATE** John Does 1–12 as defendants in this action; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    December 08, 2017
          Albany, New York

Lawrence E. Kahn
U.S. District Judge

7